FILED'08 MAR 12 12:30USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRUCE HATTRICK,

        Petitioner,        Civil No. 07-3082-TC

        v.        FINDINGS AND
                RECOMMENDATION

CHARLES DANIELS,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner, an inmate at the Federal Prison Camp at Sheridan, Oregon ["FPC Sheridan"], filed a petition for habeas corpus relief under 28 U.S.C. § 2241, alleging that his transfer among various federal correctional facilities has resulted in "harsher conditions than he was sentenced to, or a similarly sentenced person would have undergone if he were

1 - FINDINGS AND RECOMMENDATION

placed in a camp." Petition (#1), p. 3(c). Petitioner seeks a "downward departure" in his sentence resulting in an "immediate release." Id, p. 3(d).

The record reflects that shortly after petitioner's voluntary surrender to Federal Detention Center at Sheridan, Oregon, petitioner was transferred to the Federal Medical Center at Devins, Massachusetts, for a mental health evaluation. Petitioner was subsequently transferred back to FPC Sheridan and lost no good time credits as a result of the (non-disciplinary) inter-facility transfer.

Petitioner apparently concedes that his transfer was for legitimate medical purposes. Petitioner alleges that he "faced many hardships" and a "2 year exile 3000 miles from his children," but makes no claim that his transfer was designed or intended as any sort of punishment.

Inmates do not have a constitutional right to not be transferred. Meachum v Fano, 427 U.S. 215, 224-225 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). The BOP has the sole authority to designate inmates to institutions they see fit for the particular inmate. 18 U.S.C. § 3621(b).

Petitioner claims that his "Hi security" transfer was much harsher than a furlough transfer would have been.

2 - FINDINGS AND RECOMMENDATION

Petition (#1), p. 3(c).

Inmates have no right to a furlough for the purpose of inter-facility transfers. 28 C.F.R. § 570.30; see also, 28 C.F.R. § 570.43 (b) and (c).

I find that the rigors of travel complained of by petitioner do not constitute an "aytipical and significant hardship" on petitioner "in relation to the ordinary incidents of prison life. See, Sandin v. Conner, 515 U.S. 472, 484 (1995).

Moreover, the Bureau of Prisons has no authority to recommend a downward departure to the sentencing court. Sentence reductions are governed by Rule 35 of the Federal Rules of Criminal Procedure. If petitioner believes that a "downward departure" of his sentence is warranted, such a claim should be made to the sentencing court under Fed. R. Crim. P. 35.

Petitioner's Petition (#1) should be denied on the ground that it fails to state a claim cognizable under 28 U.S.C. § 2241. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

3 - FINDINGS AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 12 day of March, 2008.

_____
Thomas M. Coffin
United States Magistrate Judge